UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROLAND NELSON,<br><br>                  Plaintiff,<br>    v.<br>LARRY SHEW,<br><br>                  Defendant. | Case No. 3:25-cv-00477-MMD-CSD<br><br>ORDER |

**I.   DISCUSSION**

On September 5, 2025, pro se plaintiff Roland Nelson, an inmate in the custody of the Nevada Department of Corrections, initiated this case with an application to proceed *in forma pauperis*, a cover letter, and a motion for appointment of counsel. (ECF Nos. 1, 1-1, 1-2). Plaintiff did not submit a complaint.

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." Nev. L.R. LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

In order for this case to proceed, Plaintiff must first file a complaint. To the extent that Plaintiff was hoping that the Court would first appoint counsel, who could then prepare the complaint for Plaintiff, the Court notes that a litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the

merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. Neither of these considerations is dispositive and instead must be viewed together." *Id*.

The Court cannot analyze Plaintiff's likelihood of success on the merits, or his ability to articulate his claims, until after he files a complaint. Therefore, the Court will not consider Plaintiff's motion for appointment of counsel until after he has filed a complaint.

## II.   CONCLUSSION

It is therefore ordered that Plaintiff has **until October 10, 2025**, to submit a signed complaint to this Court.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when he can file a complaint.

The Clerk of the Court is directed to send Plaintiff Roland Nelson the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same.

DATED: September 10, 2025.

_____
UNITED STATES MAGISTRATE JUDGE