UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROLAND NELSON,<br><br>                    Plaintiff,<br>    v.<br><br>LARRY SHAW,<br><br>                    Defendant. | Case No. 3:25-cv-00477-MMD-CSD<br><br>**ORDER** |

On September 5, 2025, pro se plaintiff Roland Nelson submitted an application to proceed *in forma pauperis*, a cover letter, and a motion to appoint counsel. (ECF Nos. 1, 1-1, 1-2.) The Court entered an order explaining that this case cannot proceed—and the Court could not consider his motion to appoint counsel—until after Plaintiff files a complaint. (ECF No. 4.) The Court initially granted Plaintiff until October 10, 2025, to do so, and when it appeared that Plaintiff may not have received that order in a timely manner, the Court extended the complaint deadline to November 21, 2025. (ECF Nos. 4, 8.) Rather than file a complaint, however, Plaintiff has filed a supplemental motion to appoint counsel. (ECF No. 9.) This motion does not convince the Court to depart from its prior ruling, but the Court will grant Plaintiff one final extension of time to submit a complaint in this case. The deadline for Plaintiff to do so is **December 29, 2025**.

Plaintiff's supplemental motion appears to have been prepared for Plaintiff by another inmate, and it states that Plaintiff is unable to prepare a complaint because Plaintiff is illiterate, he is on psychiatric mediation, he would not be able to represent himself at trial, and he has a Sixth Amendment right to counsel. (ECF No. 9.) As the Court explained in a prior order, however, "[u]nlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). Rather, the Court will appoint counsel for indigent civil litigants only in "exceptional circumstances," which requires the Court to

"consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And the Court cannot analyze Plaintiff's likelihood of success on the merits or ability to articulate his claims until he has filed a complaint. The Court also notes that Plaintiff appears to have personally prepared written correspondence with the Court on at least two occasions in this case (*see* ECF Nos. 1-1, 6), which lends support to the notion that Plaintiff could complete a blank complaint form and return it to the Court. Therefore, the Court will not consider Plaintiff's original or supplemental motion to appoint counsel until after he has filed a complaint.

It is therefore ordered that the deadline for Plaintiff to submit a complaint in compliance with the Court's prior order is extended to **December 29, 2025**.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when he can file a complaint.

The Clerk of Court is kindly directed to send Plaintiff Roland Nelson the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same.

DATED: November 26, 2025.

_____
UNITED STATES MAGISTRATE JUDGE